Benjamin, J.
(dissenting). This action, ostensibly brought to recover for services rendered by plaintiff as a “ Clerk to Justice ”, pursuant to an alleged appointment by the Honorable Harold J. McLaughlin, a Judge of the Civil Court of the City of New York, is admittedly a deliberate thrust for power by said Justice, and an open and frank attack upon the recently enacted court reorganization constitutional amendment of the New York State Constitution and the implementary legislation thereto. The City of New York, defendant herein, claims and the facts indicate, that such amendment and the legislation pertaining thereto deny to the Judges of the newly created Civil Court of the City of New York the power theretofore resident in the Justices of the former Municipal and City Courts of the City of New York to appoint their own confidential clerks to Justices at will. The legislative history of that former right to designate a confidential clerk is fully detailed in the majority opinion of my learned colleagues.
The decision of the Judge of the Civil Court, which is before us for review, breathes a spirit of protest against structures presently existing upon the prior illimitable appointive power.
The reorganization of the courts of our State under unified centralized management and control was not expected to and did not find universal favor among many of the Judges affected. Certainly it is understandable that the loss of power to appoint their own confidential clerks is hardly palatable to 95 Judges of the Civil Court, who must presently, under existing law, in my opinion, look to the Appellate Divisions of the First and Second Departments for such confidential assistants.
Nevertheless, by overwhelming vote of the People of the State of New York, who adopted the new judiciary article of the State Constitution, precisely such a result was achieved and power of appointment of all employees of the Civil Court, including the one at bar, was withheld from the individual judges and given to the Appellate Divisions of the First and Second Departments.
*876 The entire scheme of the court reorganization structure provides for such centralized control over all of the Civil Courts, and all judicial and nonjudicial personnel as well, by the Administrative Board and the Appellate Divisions of the First and Second Departments.
However much Judges affected by this constitutional amendment and the legislation implementary thereof may chafe at the restraints imposed, they may not engage in judicial nullification of the mandate of the People, as would appear to be the purpose of the determination below.
The right to appoint a confidential clerk does not exist in law as an implicit privilege of a court or Judge. Wherever such authority to designate an exempt clerk exists, it springs from a clear and express mandate of the Legislature. Such authority was provided for in the former New York City Municipal Court Code (§ 7-a, subd. 9) and in the former New York City Court Act (§8). In many other courts, including the new Civil Court, Criminal Court and Family Court in the City of New York, no such statutory right exists.
The only claim of authority or right to make the appointment herein considered is pursuant to the provisions of subdivision 9 of section 7-a of the former Municipal Court Code. By subdivision a of section 35 of article VI of the New York State Constitution, the New York City Court and the New York City Municipal Court were expressly abolished. To the same end the new Civil Court Act (L. 1962, ch. 693, eff. Sept. 1, 1963) expressly repealed the former Municipal Court Code. (It also expressly repealed the provisions of the City Court Act.) The abolition of these two courts under constitutional authority and the express repeal of the Municipal Court Code and the City Court Act, under which they functioned, brought to an end the express power theretofore conferred upon the Justices of those two former courts to appoint confidential clerks.
In place of these two courts a new court was created known as the New York City Civil Court — wholly different in jurisdiction, in structure and in personnel from either of the preexisting abolished courts. Under section 3 of the New York City Civil Court Act (now renumbered 103), as well as under section 214 of the Judiciary Law, full and complete authority with respect to the appointment of all nonjudicial personnel of all courts was vested in the various Appellate Divisions.
By this broad sweep of authority all power of appointment was withheld from the individual Judges of the Civil Court, but instead vested in the Appellate Divisions of the First and Second Departments.
*877 The scheme of judicial reorganization provided for the continuance of certain courts only — for instance, the Surrogate’s Court, Supreme Court and the County Courts outside of the City of New York, and abolished others including the Municipal and City Courts of the City of New York, the Domestic Relations Court of the City of New York, Special .Sessions Court and Magistrates’ Court, as well as the County Courts within the City of New York.
In certain of the continued courts express provision existed giving Justices of those courts authority to appoint confidential clerks. In other courts no such right had ever been conferred. By section 222 of the Judiciary Law (L. 1962, ch. 684) the State Legislature evidenced its intention to preserve to those Judges in the continued courts only, who by law had the express power of such appointment, the right to continue to exercise such power, notwithstanding the broad sweep of section 214 of the Judiciary Law. Section 222 of the Judiciary Law refers only to those courts continued under court reorganization enactments. Nowhere does this enabling legislation give the right to any former Justice of the abolished court to act under repealed laws nor does it provide authority in any Judge of the newly created Civil Court to designate a confidential clerk. The abolished Municipal Court is not a court which became part of the unified court system and no residual power remains to Justices thereof.
To contend otherwise is to suggest that the express repeal of the power to appoint an exempt clerk, which occurred when the Municipal Court and the City Court were abolished and the laws under which they operated repealed, were themselves repealed by implication by section 222 of the Judiciary Law and rights conferred upon the Judges of the newly created Civil Court of the City of New York by such implication.
Section 222 of the Judiciary Law speaks in the present tense Avith respect to Judges who by existing law are presently authorized to appoint personal assistants. It is here contended that what was once still is, and that the term “ is authorized ” shall be interpreted to mean1 ‘ once Avas authorized ’ ’. Such a strained construction, amounting to repeal of the repealer statutes heretofore set forth cannot be justifiedby implication. Had the Legislature desired to give Judges in the new Civil Court the power to appoint a confidential clerk — a right, incidentally, not accorded to the Judges of the Criminal Court of the City of New York or the Family Court in the City of New York (courts of equal salary and interchangeable Judges) — it would have *878 been very simple for if to have done so either by express enactment or by appropriate language in section 222 of the Judiciary Law,
The fallacy of plaintiff’s position becomes quite clear when viewed with respect to the authority of a newly elected Judge of the Civil Court to make such an appointment. Where in any existing law do we find legislative authority for a Judge elected to that court in the year 1964, for instance, to appoint a confidential clerk 1 It can hardly be contended that such newly elected Judge might make such an appointment pursuant to the repealed laws relating to the former City Court or Municipal Court. Such newly elected or appointed Judge of the Civil Court would look in vain for such express power to designate a “ Confidential Clerk”.
The rationale for the majority opinion herein is claimed to be found in a few words contained in a report by the Legislative Committee which drafted the enabling legislation here in question. To make reference to such report is inappropriate in view of the position adopted by my learned associates as well as by myself, that the language of the statute is clear and unambiguous. Reference to extraneous legislative history is appropriate only where ambiguity exists.
Nevertheless, it is quite clear from the entire context of that report, as well as the subsequent legislative enactments, that the broad sweep of the legislative report in question, which related to all of the courts of this State, and the many thousands of judicial personnel involved, did not contemplate continuance of power to appoint a confidential clerk by Judges of the Municipal Court and the City Court of the City of New York, which were to be abolished, but was intended to and did refer to such courts only as would survive and function under the new court reorganization and with respect to which a power of appointment of a confidential assistant was provided for by express unrepealed legislation, and that nothing less and nothing more was intended.
It follows therefore that the right of a Civil Court Judge to a confidential clerk is at the will, consent and appointment of the appropriate Appellate Divisions of the First and Second Departments. Precisely for this reason has the Administrative Board failed to set standards and qualifications for the designation of such appointments, such as have been enunciated with respect to those courts in which the right of appointment by the individual Judges has survived. It may be pertinent to observe that recognizing such absence of power to designate a confidential clerk, proposed legislation was introduced at the last session *879 of the Legislature to confer each authority upon Civil Court Judges, which failed of enactment.
From all of the foregoing it is quite clear that the power of appointment resides solely in the Appellate Division, as does the right to determine whether such category of appointment shall in fact exist at all. This claim of illimitable authority by the former Presiding Justice of the Municipal Court to make any appointment he chooses, by authority of the repealed Municipal Court Act and without consulting the Appellate Division, is without foundation in law and violative of the State Constitution and of the various sections of the enabling legislation thereto pertaining, particularly section 214 of the Judiciary Law.
Accordingly, I would -reverse the determination below, dismiss the complaint herein and render judgment for the defendant, City of New York.
Brown, J., concurs with McDonald, J.; Benjamin, J., dissents in opinion.
Judgment affirmed, etc.